LOTTINGER, Judge.
Plaintiff-appellant, Hamilton B. Willis, appeals herein from judgment in his favor and against Tunica Hardwood Co., Inc., hereinafter Tunica, in the amount of $3,000.00 for damages caused by breach of a timber cutting contract. Willis contends that the amount of damages should be increased and that Otis Brewer should be bound in solido with Tunica for the amount of the judgment.
In 1971 Willis entered into a short written contract with Tunica for the purpose of selling timber from a tract of land which he owned in West Feliciana Parish. It was the desire of Willis that a certain logging contractor, Chris Metz, conduct the logging operations for Tunica, and the contract so stated. The contract also contained the following paragraph:
“Mr. Metz should be cutting occasional logs down to a tree size of 22" Diameter measured 12" from the ground but his primary task will be to remove over mature stock so as to release the younger timber for growth.”
The evidence establishes that Metz did the logging in 1971 before high water came, and then in 1972 when the water receded but Metz was not available, Otis Brewer was engaged by Tunica to do the logging.
The complaint of Willis is that Tunica violated the conditions of the sale of the timber in two main aspects; namely, engaging Brewer to cut and log the timber whereas Metz was specified to do so and in cutting timber less than 22 inches in diameter. Willis’ objection to Brewer was based on the type of equipment he used which involved rubber tires as opposed to crawler type equipment used by Metz. Willis stated that he believed that the type of equipment used by Metz did less damage to the top soil and young growing timber and that he knew Metz and believed he could be trusted not to damage the land or cut undersized timber.
It appears that the main point of this appeal by Willis is that defendants not only breached the timber cutting contract but that their cutting was a trespass so reckless and willful that it made them guilty of moral bad faith entitling him under the jurisprudence to the converted value of the timber without allowance or deduction for cost and expenses. Alternatively, if Tuni-ca’s actions constituted merely a breach of contract, as found by the Trial Court, Willis believes that the damages should be increased.
On the issue of the bad faith of Tunica, the Trial Court, in its written reasons for judgment, stated as follows:
“As to the issue of bad faith on the part of Tunica so vigorously pressed by plaintiff, this Court finds no merit. A violation of a contract provision such as here involved, howsoever damaging it may be to the timber owner, does not render void the contract of timber sale nor make the buyer a trespasser so as to entitle the timber owner (plaintiff) to the manufactured value of the lumber milled from the logs. The cases cited by plaintiff in brief are not apropos to the facts of the instant case. Tunica was not in bad faith. It logically explains why Brewer was used instead of Metz. This reason was that Metz was not available after the water went down.”
After reading the record in its entirety, we agree entirely with the above conclusion of the Trial Judge.
*1302 On the question of damages to the top soil and young growing timber, plaintiff’s unsupported estimate of damages was $7.00 to $8.00 per acre per year over the next two to twenty-five years, which the Trial Court found to be exaggerated. However, the Trial Court did find damage caused by Tunica’s operation and awarded $1,500.00 therefor. The Trial Court also found that about 20 per cent of the approximate 3,000 logs were undersize but that there was no proof of projected monetary loss in this respect. It awarded present loss of $2.50 per log for 600 undersize logs for total damage in this regard of $1,500.00. There is certainly adequate evidence in the record on which the Trial Court based these two items of damage, and this award will not be disturbed.
As to the question of Brewer’s liability for the breach of contract, the Trial Court found that he was not a party to the contract and could not be liable for the breach thereof. We find no error in this regard.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed at appellant’s costs.
AFFIRMED.